UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN SCHWIER,

        Plaintiff,                        Civil Action No. 14-14881
                                           Honorable Marianne O. Battani
                 v.                Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 11, 12]

## I.    INTRODUCTION

Plaintiff Susan Schwier appeals a final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions [R. 11, 12], which were referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's ("ALJ") decision is supported by substantial evidence. Thus, the Court **RECOMMENDS** that Schwier's motion [R. 11] be **DENIED**, the Commissioner's motion [R. 12] be

**GRANTED**, and the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

### A.    Schwier's Background and Claimed Disabilities

At the time of the administrative hearing, Schwier was a 59-year-old high school graduate with an associate's degree who previously worked for General Motors/Delphi as a supervisor for 30 years.  [R. 9-2, Tr. 26].  She has not worked since December 2007.  [*Id.*, Tr. 27].  Schwier alleges disability based on migraine headaches and depression.  [*Id.*, 28; R. 9-6, Tr. 128].

### B.    Procedural History

Schwier filed her application for DIB in June 2012, alleging disability as of January 1, 2008.  [R. 9-5, Tr. 101-07].  The claim was denied initially, and she filed a timely request for an administrative hearing.  [R. 9-4, Tr. 62-63].  Schwier and a vocational expert ("VE") testified at a video hearing before an ALJ on July 16, 2013.  [R. 9-2, Tr. 23-47].  In an August 29, 2013 written decision, the ALJ found Schwier not disabled.  [*Id.*, Tr. 8-22].  On October 31, 2014, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner for purposes of this review. [*Id.*, Tr. 1-4].  Schwier subsequently filed for judicial review.  [R. 1].

2

### C.    The ALJ's Application of the Disability Framework

DIB are available for those who have a "disability."  *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work ("PRW").  *Id.*  At the final step, the Commissioner reviews the claimant's

3

RFC, age, education and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following the five-step sequential process, the ALJ concluded that Schwier was not disabled.  At step one, he found that Schwier had not engaged in substantial gainful activity during the period from her alleged onset date, January 1, 2008, through her date last insured, December 31, 2012.  [R. 9-2, Tr. 13].  At step two, he concluded that Schwier had the following severe impairments: migraines and depression.  [*Id.*]  At step three, the ALJ determined that Schwier's impairments did not meet or medically equal the severity of any enumerated listing, including Listing 12.04.  [*Id.*, Tr. 14-15].

Between steps three and four, the ALJ assessed Schwier's RFC, finding her capable of performing medium work with the following environmental limitations: "avoid concentrated exposure to temperature extremes, noise, vibration, and pulmonary irritants (such as dusts, fumes, odors, gases, and poor ventilation)."  [R. 9-2, Tr. 15-16].  At step four, the ALJ found that Schwier could not perform any PRW.  [*Id.*, Tr. 18].  Relying

on testimony of the VE expert, the ALJ determined at step five that based

on her age, education, work experience and RFC, Schwier could perform

the requirements of the following representative occupations with jobs

existing in significant numbers in the national economy:

inspection/packaging, assembly, busser, and machine tender.  [*Id.*, Tr. 18-

19].  Thus, the ALJ found Schwier not disabled.  [*Id.*, Tr. 19].

## III.   ANALYSIS

### A.   Standard of Review

Pursuant to § 405(g), this Court's review is limited to determining

whether the Commissioner's decision is supported by substantial evidence

and was made in conformity with proper legal standards.  *Gentry v. Comm'r*

*of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is

"more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241

(6th Cir. 2007) (internal quotation marks and citation omitted).  Only the

evidence in the record below may be considered when determining

whether the ALJ's decision is supported by substantial evidence.  *Bass v.*

*McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).  "If the [Commissioner's]

decision is supported by substantial evidence, it must be affirmed even if

the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

### B.    The ALJ's Decision is Supported by Substantial Evidence

Schwier says the Court should reverse the ALJ's decision for two reasons.  First, she argues that the ALJ failed to consider her multiple impairments in deciding that she was not disabled.  Second, Schwier contends that the ALJ erred in finding her allegations not fully credible. Schwier's arguments fail for two reasons.

First, attorney Michael M. Hall made a deplorably insufficient effort to develop arguments on Schwier's behalf.  He does not cite to any evidence in the record and instead provides vague reference to Schwier's testimony and work history.  In summary fashion, Hall mentions that the ALJ found Schwier not disabled, and identifies the issues as being whether the ALJ properly weighed Schwier's multiple impairments and credibility.  Hall does not discuss what impairments the ALJ failed to properly consider or why the ALJ's credibility findings were erroneous, and he cites only one legal citation to support his arguments.

6

"It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted); *see also Bishop v. Gosiger, Inc.*, 692 F. Supp. 2d 762, 774 (E.D. Mich. 2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks and citations omitted)).  Because Hall failed to develop either of Schwier's arguments whatsoever, the issues are deemed waived.  *See id.*[1]

Even if Schwier's arguments were not waived, a review of the ALJ's decision demonstrates that he adequately considered all of Schwier's impairments and that his credibility determination is supported by substantial evidence.

---

[1] The Court, moreover, draws Hall's attention to *Fielder v. Comm'r of Soc. Sec., No.* 13-10325, 2014 WL 1207865, at *1 (E.D. Mich. Mar. 24, 2014) (Rosen, J), in which a Social Security attorney improperly "invit[ed] the Judges of this District to formulate arguments and search the record on his clients' behalf."  The Honorable Gerald E. Rosen, Chief Judge, "strongly cautioned" the offending attorney "that this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case. Failure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings."  *Id.*  Hall should heed this warning.

### 1. The ALJ Considered All of Schwier's Impairments

In determining whether a claimant's impairment or impairments are sufficiently severe to be the basis of eligibility under the Act, an ALJ must consider the combined effect of all of the claimant's impairments without regard to whether any single impairment, if considered separately, would be sufficiently severe.  20 C.F.R. § 404.1523.

Contrary to Schwier's assertion, the ALJ here did consider all of her impairments and did consider the combination of those impairments.  In making his step three finding, the ALJ noted that he "considered all of the claimant's medical problems" and concluded that "[d]espite the *impairments* and related symptoms, the medical evidence does not document listing-level severity."  [R. 9-2, Tr. 14 (emphasis added)].  Throughout the decision, the ALJ considered Schwier's migraines and depression, as well as the combination of the two, in his analysis:  (1) he found that Schwier did not have "an impairment or combination of impairments" that met or medically equaled a listed impairment [*id.*]; (2) he noted that he carefully considered "the entire record" in formulating Schwier's RFC [*id.*, Tr. 15]; (3) he stated that he considered "all symptoms" in making his determination [*id.*, Tr. 16]; and (4) he noted that Schwier's "medically determinable impairments" could cause the alleged symptoms, but found that her

8

statements regarding the intensity, persistence and limiting effects of the symptoms were not entirely credible [*id.*, Tr. 17].

The ALJ's statements that he considered the "entire record," "combination of impairments" (plural), and "all symptoms" are enough to demonstrate that he properly assessed all of Schwier's impairments. *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987) (ALJ's reference to "a combination of impairments" and "impairments" in the plural, along with statement that he considered "the entire record," was sufficient to establish that he considered the combination of claimant's impairments); *Despins v. Comm'r of Soc. Sec.*, 257 Fed. Appx. 923, 931 (6th Cir. 2007) ("That the ALJ may have discussed [the claimant's] impairments individually hardly suggests that the totality of the record was not considered." (internal quotation marks and citation omitted)).  Moreover, the ALJ here discussed the medical record, specifically noting that there was no evidence showing that Schwier complained of symptoms related to her migraines, and finding that her mental treatment – which she first sought in March 2013 (after her date last insured) – consisted of vague subjective complaints and did not appear to be fully genuine in nature.  [R. 9-2, Tr. 17].  Schwier's argument that the ALJ properly failed to consider all of her impairments is without merit.

9

## 2. The ALJ's Credibility Determination is Supported by Substantial Evidence

In assessing Schwier's credibility, the ALJ found that her allegations regarding the intensity of her symptoms and their impact on her functioning were not consistent with the totality of the evidence; thus, he concluded that she was not entirely credible.  [R. 9-2, Tr. 16-17].  Schwier argues that the ALJ erred in finding her testimony non-credible.  The Court disagrees.

Credibility determinations of witnesses are within the province of the ALJ, and will not be overturned "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).  At the same time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241. Here, Schwier has not proffered a compelling reason to overturn the ALJ's credibility determination, and that determination finds support in the record.

In discounting Schwier's credibility, the ALJ cited to specific, record-based examples that undermine her allegations regarding the intensity, persistence and limiting effects of her symptoms.  For example, the ALJ noted that Schwier testified that she went to her eye doctor due to headaches [R. 9-2, Tr. 40], but the medical record shows that she presented at her eye examination with "no specific complaints" and "[n]o headaches" [R. 9-7, Tr. 202].  [R. 9-2, Tr. 17].  The ALJ found that this contradiction, along with the fact that the only mention of headaches

10

throughout the medical evidence was from a dental visit predating

Schwier's onset date [R. 9-7, Tr. 210], suggested that Schwier may have

overstated her symptoms.  [R. 9-2, Tr. 17].  *See Walters,* 127 F.3d at 531

("Discounting credibility to a certain degree is appropriate where an ALJ

finds contradictions among the medical reports, claimant's testimony, and

other evidence.").

The ALJ further pointed out that records from Schwier's primary care

physician, Lawrence LaLonde, M.D., from November 2007 to February

2012 revealed no complaints related to her severe impairments, and that

her chiropractic treatment consisted of routine adjustments.  [R. 9-2, Tr. 16-

17; R. 9-7, Tr. 177-201, 215-229].  Moreover, the ALJ noted that Schwier

was not receiving ongoing treatment for her headaches and found that this

further weakened her allegations regarding the intensity and nature of that

impairment.  [R. 9-2, Tr.17].  *See Strong v. Comm'r of Soc. Sec.*, 88 Fed.

Appx. 841, 846 (6th Cir. 2004) (failure to seek treatment for alleged

impairment may cast doubt on claimant's assertions regarding the severity

of the condition).  Similarly, the ALJ found that Schwier's mental

impairment may not have been fully genuine based on the fact that she did

not seek treatment until March 2013, and the treatment only lasted until

May 2013.  [R. 9-2, Tr. 17].

11

Schwier's daily activities were considered by the ALJ, who found that they were not limited to the effect one would expect given her allegations of totally disabling symptoms.  [R. 9-2, Tr. 17].  This finding was justified because Schwier's  daily activities – which include reading, watching TV, attending church, shopping, managing finances, driving, and doing house work [R. 9-6, Tr. 137-40] – were inconsistent with the severity of her alleged symptoms.  *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (the ALJ "justifiably considered [plaintiff's] ability to conduct daily life activities in the face of his claim of disabling pain").  Further, the ALJ also appropriately relied on Schwier's "generally unpersuasive appearance and demeanor while testifying at the hearing" in making his credibility determination.  *See Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990).

The ALJ's credibility determination is supported by substantial evidence and Schwier has certainly not provided a compelling reason to overturn it.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's motion [R. 12] be **GRANTED**, Schwier's motion [R. 11] be **DENIED**, and the Commissioner's decision be **AFFIRMED** pursuant to

12

sentence four of 42 U.S.C. § 405(g).

                                    s/Elizabeth A. Stafford
                                    ELIZABETH A. STAFFORD
                                    United States Magistrate Judge

Dated: October 9, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

13

service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 9, 2015.

s/ Karri Sandusky for
MARLENA WILLIAMS
Case Manager

14